IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| KRISTOPHER MCCHESTER, | ) | CASE NO. 2:21 CV 11764 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| HON. STEPHANIE DAWKINS DAVIS, | ) | |
| United States District Judge, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Kristopher McChester brings this action against United States District Judge Stephanie Dawkins Davis, United States District Judge Matthew F. Leitman, Defense Attorney Henry M. Scharg, and the Federal Community Defender. In the Complaint, he challenges his pending federal criminal proceedings. He asserts that he is being subjected to double jeopardy, ineffective assistance of counsel, *Brady*[1] violations, unnecessary delays of his arraignment, misuse of office, Fourth Amendment violations, Due Process Violations and denial of a speedy trial. He seeks dismissal of his pending criminal case and monetary compensation.

**Factual and Procedural Background**

A criminal Complaint was filed against Plaintiff in the United States District Court for the Eastern District of Michigan on January 22, 2021. His initial appearance was held on January 27, 2021 before United States Magistrate Judge Patricia T. Morris, at which time he was

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

temporarily detained. CJA Attorney Randall Roberts was appointed to represent him. Magistrate Judge Morris conducted a detention hearing. Bond was set at $10,000.00 on January 27, 2021.

On January 28, 2021, Assistant United States Attorney Jules DePorre filed an Emergency Motion to Revoke the Order Granting Pretrial Release. The hearing was set for January 28, 2021 before United States District Court Judge Matthew F. Leitman. He granted the Government's Motion that same day.

Plaintiff was indicted on February 3, 2021 on one count of unlawful transport of firearms. His arraignment was set for February 12, 2021; however, the jail at which Plaintiff was held did not make him available for the proceeding. The arraignment was rescheduled and held on February 17, 2021 before Magistrate Judge Anthony P. Patti.

Six days after his arraignment, Plaintiff filed a Motion asking for his appointed counsel to withdraw and seeking the appointment of new counsel. Judge Dawkins Davis conducted a hearing and allowed Mr. Roberts to withdraw as Plaintiff's attorney. The Court appointed the Federal Community Defender to represent him. Judith Gracey accepted the appointment on March 17, 2021. By April 1, 2021, Plaintiff was asking the Court to terminate Ms. Gracey as his counsel and appoint a new attorney. Judge Dawkins Davis allowed Ms. Gracey to withdraw and appointed CJA attorney Henry Scharg to represent Plaintiff on May 13, 2021. Mr. Scharg filed a Motion for a Competency Hearing on May 29, 2021. The Court set the Motion for hearing on July 8, 2021. Plaintiff then asked the Court to remove Mr. Scharg as his attorney. The Court did not rule on his Motion, and instead, ordered Plaintiff to submit to a psychological examination to determine his competency for further proceedings. Plaintiff filed an Emergency Motion to Strike

the Order for Psychological Testing, and requested that his case be dismissed. The Court has not ruled on his Motions.

Plaintiff then filed this action on July 21, 2021. He objects to the Motion filed by Mr. Scharg. He contends Scharg only met with him once before filing the Motion. He does not approve of this as a trial strategy. He also alleges that the representation he received from his prior attorneys was ineffective. He contends none of his attorneys objected to the illegal search and seizure. He claims Judge Leitman improperly revoked his bond and Judge Dawkins Davis improperly granted the Motion to assess his competency. He contends that none of the Defendants worked to ensure that his speedy trial rights were preserved. He asks this Court to dismiss his criminal case in this court and in state court. He also asks for monetary damages.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

As an initial matter, Plaintiff cannot file a civil rights action to undermine or reverse decisions made in his pending criminal case or to forum shop for a new judge or defense counsel. Just as this Court would abstain from interfering in a pending state court criminal matter when a state pretrial detainee raises claims that challenge the state court proceedings, considerations of federalism, judicial economy, and efficient case administration dictate that a similar rule of restraint apply where a federal pretrial detainee raises claims which challenge ongoing federal criminal proceedings pending before another District Court Judge. In this case, Plaintiff seeks to dismissal his criminal indictment based on alleged ineffective assistance of his appointed counsel, and his disagreement with decisions of the District Court judges presiding over his criminal case. At best, such claims obviously seek to interfere with the pending federal criminal action. Construed less generously, it could be deemed to be an effort to obtain the recusal of his judge and removal of his appointed counsel. The latter is not an acceptable use of the Court's

time and resources. Plaintiff can raise and litigate the claims asserted in this action in the course of his criminal pretrial proceedings, at his upcoming criminal trial and on appeal to the United States Sixth Circuit Court of Appeals. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489 (1973); *Dickerson v. Louisiana,* 816 F.2d 220, 225-26 (5th Cir.), *cert. denied,* 484 U.S. 956(1987). He cannot maintain a parallel civil action to collaterally attack his pending criminal proceedings. *Caldwell v. O'Malley*, No. 1:08 CV 0495, 2008 WL 696608, at *2 (N.D. Ohio Mar. 13, 2008).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). His Emergency Motion for Bond (ECF No. 7) is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: *September 22, 2021*

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-5-